IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN SHIVVERS and DANIEL SHIVVERS, Individuals<br><br>Plaintiffs,<br><br>v.<br><br>VANDE KAMP TRUCKING, INC.<br>A Iowa Corporation, and,<br>CECIL L. SCHLAMPP, an Individual<br><br>Defendants. | CASE NO. 8:12-cv-138<br><br><br><br>**COMPLAINT, REQUEST FOR JURY TRIAL AND REQUEST FOR VENUE** |

COMES NOW the Plaintiffs, Karen Shivvers and Daniel Shivvers, by and through their attorneys hereinafter identified, and for their complaint against the Defendants states and alleges the following:

**JURISDICTION AND VENUE**

1.

Pursuant to 28 U.S.C. § 1332, subject matter for all causes of action is appropriate in the District of the State of Nebraska because the parties are diverse and the amount in controversy exceeds $75,000.00.

2.

Pursuant to 28 U.S.C. § 1391(b), venue for all causes of action stated herein is appropriate in the District of the State of Nebraska because a substantial part of the events giving rise to the claim occurred in the State of Nebraska.

1

## PARTIES

3.

Plaintiffs, Karen Shivvers and Daniel Shivvers at all times relevant hereto, were and are a residents and citizens of Vancouver, Clark County, Washington.

4.

At all times material herein, Plaintiff's Karen Shivvers and Daniel Shivvers were and are husband and wife.

5.

Defendant, Vande Kamp Trucking, Inc, is a corporation, at all times relevant hereto, incorporated in and with its principal place of business in Pleasantville, Marion County, Iowa or in a state other than Plaintiffs'.  Defendant, at all times relevant hereto, was authorized and doing business as an interstate trucking company in the State of Iowa.

6.

Defendant, Cecil Schlampp, at all times relevant hereto was and is a resident and citizen of Knoxville, IA or a state other than Plaintiffs'.

7.

At all times material herein, Defendant Cecil Schlammp, was an employee of Vande Kamp Trucking, Inc.

## COUNT I - A CLAIM OF KAREN SHIVVERS

8.

On or before May 3, 2008, Vande Kamp Trucking, Inc. employed Cecil Schlammp as an agent or employee to perform trucking operations for its business.

9.

On May 3, 2008, Schlammp was operating a 2000 Freightligher tractor with a semi-trailer in the course and scope of his employment with Vande Kamp Trucking, Inc. near Sidney, Nebraska.

10.

On that same day, Taj Shivvers, Plaintiffs' son, was driving a 2004 Subaru Sedan, belonging to his father Daniel Shivvers, east on Interstate 80, near Sidney, Nebraska. Plaintiff, Karen Schivvers, was a passenger in the car. Without warning, Defendant, Cecil L. Schlampp crashed the tractor-trailer he was driving into the rear of Mr. Shivvers's vehicle. At all times material hereto, Taj Shivvers was operating his vehicle with reasonable care, safety and caution.

11.

This collision was proximately caused by the negligence of the Defendant, Cecil Schlampp in one or more of the following particulars:

a. Defendant failed to keep a proper lookout;

b. Defendant failed to keep the vehicle he was operating under reasonable control;

c. Defendant operated Defendant's vehicle at speed greater than was reasonable under the existing conditions and circumstances;

d. Defendant followed the vehicle belonging to Daniel Shivvers too closely;

g. Defendant failed to yield the right of way;

h. Defendant failed to take appropriate steps to avoid the collision when he knew or should have known that such a collision was foreseeable; or

i. Any other act of negligence as may be determined and discovered in this litigation.

12.

Defendant Vande Kamp Trucking, Inc. was negligent in one or more of the following particulars, any of which was the proximate cause of Plaintiff's injuries:

a) Each and every particular act of negligence of Defendant Cecil Schlampp, as set forth in paragraph number 11, is imputed to Defendant Vande Kamp Trucking, Inc. under the doctrine of respondeat superior;

b) Negligent hiring, training or supervision of Defendant Cecil Schlampp; or

c) Any other act of negligence as may be determined and discovered in this litigation.

13.

As a proximate result of the negligence of Defendants and each of them, Plaintiff Karen Shivvers was injured, has suffered, now suffers and will in the future continue to suffer grave and excruciating pain and suffering, both physical and mental; has incurred expenses totaling $174,343.00 for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of future earning capacity; and has suffered and will suffer permanent injury and disability, all to her injury and damage.

**COUNT II- A CLAIM OF DANIEL L. SHIVVERS**

14.

By reason of his wife's sustaining injuries as herein before set forth, Plaintiff Daniel Shivvers has in the past and will in the future be deprived of the services, society, support, comfort, companionship and consortium of his wife, and by reason of the foregoing, has sustained damages which were the proximate result of Defendants negligence, and each of them.

WHEREFORE, Plaintiffs Karen Shivvers and Daniel Shivvers pray judgment against the above-named Defendants for recovery of reasonable damages in an amount sufficient to fully

compensate Plaintiffs for the losses and damages, together with their costs and disbursements and reasonable attorneys' fees herein.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs request that this matter be tried to a jury in Omaha, Nebraska.

DATED this 19th day of April, 2012.

        Respectfully submitted,
        KAREN SHIVVERS AND DANIEL SHIVVERS,
        Plaintiffs.

BY:   /s/ Richard J. Dinsmore
       Richard J. Dinsmore #11019
       Jayson D. Nelson #22111
       Attorneys for Plaintiff
       Law Offices of Richard J. Dinsmore
       1905 Harney Street, Suite 710
       Omaha, Nebraska 68102
       (402) 341-2020
       (402) 341-1851 [fax]
       E-mail: dinslaw@aol.com

And

Paul H. Krueger, OR #082929
Attorney for Plaintiff
Paul Krueger Law Firm, Pc
4380 SW Macadam Avenue Suite 310
Portland, OR 97239
(503) 222-0226